NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0118n.06

No. 19-3650

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Feb 24, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ANA JUDITH MURCIA-PINTO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| WILLIAM P. BARR, Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |

BEFORE: GIBBONS, McKEAGUE, and WHITE, Circuit Judges.

PER CURIAM. Ana Judith Murcia-Pinto petitions this court for review of an order of the Board of Immigration Appeals (BIA) denying her motion to reopen her removal proceedings. As set forth below, we **DENY** the petition for review.

Murcia-Pinto, a native of Guatemala and citizen of Honduras, entered the United States without inspection in 2007. In October 2010, the Department of Homeland Security (DHS) served Murcia-Pinto a notice to appear in removal proceedings, charging her with removability as an alien present in the United States without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). The notice to appear ordered Murcia-Pinto to appear before an immigration judge (IJ) on a date and at a time "to be set." In November 2010, the immigration court sent Murcia-Pinto a notice scheduling a hearing for June 16, 2011, at 9:00 a.m.; she appeared at that hearing. Murcia-Pinto later conceded removability as charged and filed an application for withholding of removal and protection under the Convention Against Torture (CAT), asserting her fear of persecution in Honduras by the Chinchilla gang. After a hearing, the IJ denied Murcia-Pinto's application for

withholding of removal and CAT protection but granted her request for voluntary departure. The BIA dismissed Murcia-Pinto's appeal from the IJ's denial of her application for withholding of removal but remanded for further proceedings regarding her request for voluntary departure. On remand, the IJ issued a removal order at Murcia-Pinto's request. This court later denied Murcia-Pinto's petition for review of the BIA's order dismissing her appeal from the denial of her application for withholding of removal. *Murcia-Pinto v. Sessions*, No. 17-3255 (6th Cir. Dec. 8, 2017) (order).

Murcia-Pinto subsequently filed a motion to reopen her removal proceedings to apply for asylum and related relief based on changed country conditions. The BIA denied Murcia-Pinto's motion.

Two months later, Murcia-Pinto filed another motion to reopen, this time to apply for cancellation of removal in light of the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). To be eligible for cancellation of removal, an alien must have "been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of" the application for relief. 8 U.S.C. § 1229b(b)(1)(A). Under the stop-time rule, the period of continuous physical presence in the United States is deemed to end when the alien is served a notice to appear under 8 U.S.C. § 1229(a). 8 U.S.C. § 1229b(d)(1)(A). In *Pereira*, the Supreme Court held that "[a] notice that does not inform a noncitizen when and where to appear for removal proceedings is not a 'notice to appear under section 1229(a)' and therefore does not trigger the stop-time rule." 138 S. Ct. at 2110. Murcia-Pinto asserted in relevant part that she was now eligible to apply for cancellation of removal because the DHS served her a notice to appear that failed to specify the date and time of the initial removal hearing and that the BIA should

equitably toll the deadline for filing a motion to reopen because she filed her motion within 90 days of the *Pereira* decision.

The BIA denied Murcia-Pinto's motion to reopen as time and number barred. The BIA went on to determine that, even assuming that Murcia-Pinto established a basis to excuse the motion's filing deficiencies, her motion to reopen would be denied. The BIA noted its recent decision in *Matter of Mendoza-Hernandez*, 27 I. & N. Dec. 520 (B.I.A. 2019) (en banc), which held:

> [I]n cases where a notice to appear does not specify the time or place of an alien's initial removal hearing, the subsequent service of a notice of hearing containing that information perfects the deficient notice to appear, triggers the "stop-time" rule, and ends the alien's period of continuous residence or physical presence in the United States.

*Id*. at 529. The BIA pointed out that the record showed that the DHS served Murcia-Pinto a notice to appear that did not specify the date and time of the initial removal hearing but that she was later served a notice of hearing containing that information and appeared at the scheduled hearing.[1]

This timely petition for review followed. In support of her argument that the BIA abused its discretion in denying her motion to reopen, Murcia-Pinto contends that the BIA's decision in *Matter of Mendoza-Hernandez* is inconsistent with the statutory text and *Pereira* and is not entitled to deference. After Murcia-Pinto filed her opening brief, this court decided *Garcia-Romo v. Barr*, 940 F.3d 192 (6th Cir. 2019). In accord with the BIA's decision in *Matter of Mendoza-Hernandez*, this court concluded that, "in light of the ordinary meaning of the relevant statutory text, the stop-

---

[1] The BIA also rejected Murcia-Pinto's argument that the defective notice to appear failed to vest the immigration court with jurisdiction. Murcia-Pinto does not challenge this aspect of the BIA's order based on this court's decision in *Hernandez-Perez v. Whitaker*, 911 F.3d 305, 315 (6th Cir. 2018), holding that jurisdiction vests with the immigration court where the information about the time of the hearing is provided in a subsequent notice of hearing. In addition, the BIA declined to reopen Murcia-Pinto's removal proceedings sua sponte; we lack jurisdiction to review that discretionary decision. *See Gor v. Holder*, 607 F.3d 180, 188 (6th Cir. 2010).

time rule is triggered when a noncitizen has received all of the required categories of information of § 1229(a)(1)(A)-(G) whether sent through a single written communication or in multiple written installments." 940 F.3d at 196-97. This court held that *Pereira* did not compel a different interpretation and rejected the Ninth Circuit's reasoning in *Lopez v. Barr*, 925 F.3d 396 (9th Cir. 2019), *rehearing en banc granted*, 948 F.3d 989 (9th Cir. 2020), upon which Murcia-Pinto relies. 940 F.3d at 201-04. We are bound by this court's controlling decision in *Garcia-Romo*. *See Jian Chen v. Barr*, 791 F. App'x 597 (6th Cir. 2020).

Accordingly, we **DENY** Murcia-Pinto's petition for review.